THE PEORIA GAS AND ELECTRIC COMPANY, Defendant in Error, *vs.* GEORGE DUNBAR, Plaintiff in Error.

*Opinion filed June 18, 1908.*

EJECTMENT—*natural boundary controls dimensions given in plat.* While a deed, which refers to a plat, makes the plat a part of the deed, yet if the plat shows a river as the boundary at one end of the lot such natural boundary will control over the distance in feet marked on the plat, and the length of the lot will increase from accretions made by the current and from the dumping of cinders and refuse matter into the stream.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

SHEEN & MILLER, for plaintiff in error.

JACK, IRWIN, JACK & MILES, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The Peoria Gas and Electric Company brought an ejectment suit against George Dunbar to recover a small tract of ground, being part of lot 4 in Bigelow & Underhill's addition to Peoria. The defendant filed only the plea of the general issue. Upon the trial the plaintiff below introduced deeds and proof of possession, which made a *prima facie* case of title to lot 4. The defendant introduced no evidence. A plat made in 1836 of Bigelow & Underhill's addition was introduced in evidence. This plat shows that all the lots in block 51 in this addition run from Water street to the Illinois river. The lots as shown by the plat are of varying lengths, owing to the course of the river at this point. The plat shows the length of lot 4 to be 110 feet from Water street south. As a matter of fact, as conditions now are it is 240 feet from Water street to the river. The increased length of these lots has been brought about by accretion and dumping of cinders and other refuse mat-

ter into the river. Dunbar is in possession of a small house on the bank of the river, which he is occupying without any claim of title whatever. The court instructed the jury that the ownership of lot 4 in block 51 extended to the thread of the stream of the Illinois river. This instruction amounted to a direction of the court to find for the plaintiff. A verdict was returned in favor of the plaintiff in accordance with the instruction, and upon which the court entered judgment. The defendant below has sued out this writ of error, and insists upon a reversal on account of the alleged error of the court in giving this instruction.

Plaintiff in error insists that if the plat shows the length of lot 4 to be 110 feet the defendant in error cannot claim title to a lot 240 feet long. The plat is expressly referred to in the deed under which defendant in error claims title. The effect of such reference is to make the plat a part of the deed. (*Piper* v. *Connelly,* 108 Ill. 646.) It is also well settled by numerous decisions of this court that where natural monuments or boundaries are mentioned in conveyances, such monuments or boundaries control over distances. In this case lot 4 in block 51 is conveyed by a plat showing that this lot extends to the Illinois river. The distance, 110 feet, mentioned on the plat must give way to the natural monuments. This would be true even if the conditions when the plat was made were the same as they are now. The reasonable inference is that in 1836, when the plat was made, the distance from Water street to the river was approximately 110 feet and that the natural accumulations have extended the lot to its present length. In *Newsam* v. *Prior's Lessee,* 7 Wheat. 8, the distance to reach the natural boundary, which was a river, was stated to be 874 poles. Upon measuring the distance it was found to be 2316 poles to the river. Chief Justice Marshall held that the natural boundary should control the distance as expressed in the field notes and that the lines should be continued to the river, disregarding the distances marked in the survey.

This doctrine is so elementary that it is unnecessary to cite other authorities to support it. There was no error in the direction of the court.

The judgment of the circuit court of Peoria county is affirmed.